■ In the Matter of FLORENCE BRAZIE et al., for Themselves and on Behalf of All Others Similarly Situated, Appellants, v JAMES CHIAVAROLI, as Commissioner of the Monroe County Board of Elections, et al., Respondents. —Judgment unanimously affirmed, without costs. Memorandum: Petitioners —appellants are six residents of Monroe Community Hospital who success- fully applied to Special Term, Supreme Court, Monroe County in a class action for declaratory judgment requiring respondent commissioners to register and enroll them and all residents of publicly supported institutions who establish their voting residences in such institutions under section 151 of the Election Law. In granting such judgment Special Term denied attorneys' fees to petitioners; and petitioners appeal from the judgment only insofar as it denied such fees. At the time the judgment was granted and entered CPLR 909 was effective. It provides that, "If a judgment in an action maintained as a class action is rendered in favor of the class, the court in its discretion may award attorneys' fees to the representatives of the class based on the reasonable value of legal services rendered and if

justice requires, allow recovery of the amount awarded from the opponent of the class." Respondents do not question the applicability of the statute; indeed, they assert that it, rather than title II of the Civil Rights Act of 1964 (US Code, tit 42, § 2000a-3), applies herein. Petitioners rely heavily on Federal cases decided under the latter act which hold that in a civil rights class action case the court may award counsel fees to the attorneys for successful petitioners and direct the losing party to pay therefor, and this, even though the attorney is a public assistance corporation which is not charging its client any fee (see *Brandenburger v Thompson,* 494 F2d 885, 889; *Miller v Amusement Enterprises,* 426 F2d 534, 538). In *Alyeska Pipeline Co. v Wilderness Soc.* (421 US 240) the United States Supreme Court held that attorneys' fees may not be assessed against the losing party in the absence of statutory authorization. The court recognized, however (p 245; and see *Kahan v Rosenstiel,* 424 F2d 161, 167) that as a matter of equity where bad faith has been involved, a court could assess attorneys' fees against the opposing guilty party. Respondents point out that the New York State Legislature has authorized the court to make such assessment in an appropriate case by providing that it may award attorneys' fees "and *if justice requires,* allow recovery of the amount awarded from the opponent of the class" (CPLR 909, emphasis added). The issue, therefore, depends upon the nature of the original allegation and the reasonableness of respondents' action in opposing it. Subdivision (a) of section 151 of the Election Law provides in part as follows: "no person shall be deemed to have gained or lost a residence by reason of his presence or absence * * * while kept at any welfare institution * * * wholly or partly supported at public expense or by charity". Respondents interpreted this section as denying petitioners the right to change their residence to Monroe Community Hospital when they moved into it. In light of the statutory language, respondents contend that they had a reasonable basis for their ruling (see *Silvey v Lindsay,* 107 NY 55) and that they acted in good faith in opposing petitioners' request to vote from the community hospital. Nevertheless, upon counsel's research of the law and the full implication of *Silvey v Lindsay (supra)* and subsequent rulings (see *Palla v Suffolk County Bd. of Elections,* 31 NY2d 36, 47) it was demonstrated to Special Term that a person's voting residence depends only on his bona fide permanent abode and if that is in a public institution, he is entitled to vote therefrom. Respondents do not challenge that ruling. No constitutional question is involved—only the interpretation of section 151 of the Election Law and the facts of petitioners' residence. In view of the long-standing practice in this area that such a person must vote from his former residence, there can be no valid claim of bad faith on respondents' part in denying petitioners the right to vote from Monroe Community Hospital until the court ordered them to permit it. In the circumstances of this case wherein respondents acted in good faith we think that Special Term did not abuse its discretion under CPLR 909 in denying attorneys' fees to petitioners, chargeable against respondents in their official capacities as Commissioners of Election of the County of Monroe, a municipal corporation. (Appeal from judgment of Monroe Supreme Court—declaratory judgment.) Present—Cardamone, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.